### MARY GROTH v. CHARLES PAYMENT.

*Partnership—Dissolution—Accounting.*

1. In this case the proofs satisfy the Court that a partnership agreement was entered into between the complainant and defendant, and complainant's bill is held to have been properly filed, and she is held entitled to the accounting prayed for.

2. The denial by one partner of all rights of his copartner in the partnership property, and his claim of the right of exclusive possession and use, entitle his copartner to a dissolution of the partnership, and to an accounting.

Appeal from Wayne. (Reilly, J.) Argued January 16, 1890. Decided January 24, 1890.

Bill for partnership accounting, injunction, etc. Decree dismissing bill reversed, and one entered for complainant in accordance with opinion, in which the facts are stated.

*James H. Pound,* for complainant.

*Stewart & Galloway (Charles Flowers,* of counsel), for defendant.

LONG, J. The bill was filed in this cause in the Wayne circuit court, in chancery, for the dissolution of a partnership, and for an accounting. On the hearing the bill was dismissed, with costs. Complainant appeals.

It appears that on July 6, 1889, the parties to this action purchased at marshal's sale the scow called the "Lady Essex." A bill of sale was executed by the marshal to the parties in consideration of the payment of $335. The bill of sale recites that in consideration of this amount—

"I have granted, sold, transferred, * * * and do hereby * * * transfer and set over, unto the said Charles M. Payment (controlling) and Mary Groth each one-half interest," etc.

It is claimed by complainant, and testimony was given tending to show, that before the purchase of the vessel an arrangement was made between herself and her brother, John Lippenmeyer, that complainant should advance to him about $200, to be used in the purchase of a boat, to enable him to get employment upon the lakes; that an arrangement was then made between Lippenmeyer and defendant for the purchase of this scow for the joint benefit of complainant and defendant, who were to use the same in domestic commerce upon the lakes, and conduct the business as partners; that upon the purchase her brother paid from her moneys the sum of $175, the defendant putting in at that time $160. Before the vessel was put to service the complainant paid for a mainsail $81, and for supplies $26.50.

After the purchase, complainant claims that some talk was had with the defendant, in which he recognized her rights as a partner, not only in the scow, but also in the business to be carried on; that her brother John was to act as her representative, the defendant taking command, and John to act as cook and deck-hand.

The scow was about 50 tons burden, and only required one extra man and a boy to man her. She made one trip to some point on the Canadian shore, and brought a load of cedar poles, when difficulty arose between defend-

ant and Lippenmeyer, and defendant put Lippenmeyer off the scow, and denied that complainant was a partner with him, either in the scow or business.    Some other trips were made, and the defendant claims to have paid the crew from the earnings.    Defendant also claims to have paid out, aside from the amount paid on the purchase, the sum of $21.40, and to the crew $24.50.    The freight earnings of the scow up to the time of filing the bill in this cause amounted to $86.75, so that at that time the account stood between the parties as follows:

| | |
|---|---|
| Complainant paid on purchase the sum of | $175 00 |
| For sail | 81 00 |
| For supplies | 26 50 |
| Total | $282 50 |
| The defendant paid on purchase the sum of | $160 00 |
| To supplies and repairs | 21 40 |
| To crew | 24 50 |
| Making a total payment by debt of | $205 90 |

He received from freights the sum of $86.75, and paid out of it a tow bill of $25, leaving balance in his hands of $61.75, of which the complainant is entitled to one-half. The difference in the amount contributed by each to the purchase of the boat, materials, etc., is $76.60, and this added to the one-half so in the hands of the defendant would make the sum of $107.47.

The main contention of defendant is that he was never a partner with complainant, but if any partnership ever existed it was between himself and John Lippenmeyer; that if the complainant ever invested any of her own money in the scow or repairs, it was as a loan to her brother.    And on the hearing he denied positively that he ever made any arrangement with the complainant to enter into a partnership with her, either in the scow or business; that he, being mentioned as the controlling party

in the bill of sale, had the right to take command, and when difficulty arose between himself and Lippenmeyer he had the right to exclude him.

At the time the bill was filed an injunction issued, and a receiver was appointed, who took possession. Defendant claims that at the time his rights were interfered with under the injunction, and the receiver took possession, he had several contracts on hand for carrying freight on the lakes, from which he, as part owner with John, would have received certain profits, and that, as the court on the hearing dismissed the bill, he is now entitled to an accounting with complainant for these profits. From our view of the case, there is no force in this claim.

We are satisfied that the court was in error in dismissing complainant's bill. The proofs satisfy us that the partnership agreement was entered into between the complainant and defendant; that the complainant's bill was properly filed, and she is entitled to the accounting prayed. The complainant being a partner in the scow and business under the arrangement shown in this case, she had the right to be represented by John Lippenmeyer in the business; and the defendant, when he put him off, and denied all rights of the complainant therein, and claimed the right to the exclusive possession and use of the property, committed an act which entitled the complainant to a dissolution of the partnership, and an accounting.

While the amount which has gone into the hands of the defendant as earnings is not very definitely fixed, yet it is apparent that he has received the amount above stated; so that the cause need not be referred to a master to state the account. The complainant must be held to be an equal partner in the boat and business, and the account stands as above indicated.

The decree of the court below must be reversed and

set aside, and a decree entered here in favor of the complainant, fixing the rights of the parties as here indicated. The complainant must be empowered to make sale of the property under the direction of a circuit court commissioner of Wayne county, and from the proceeds of the sale the commissioner to pay the costs of such sale, and the costs to complainant in this proceeding of both courts. The balance of the funds arising from the sale to be divided between complainant and defendant equally, after the payment to the complainant of the sum of $107.47 out of the fund; thus reducing the amount of her payment on purchase to what defendant actually put in.

The other Justices concurred.